UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMIRO MEDRANO<br>AND HUGO MILLLIAN,<br>    Plaintiffs, | :<br>:<br>:<br>: | CIVIL ACTION NO.<br>3:12-cv-934 (JCH) |
| v. | :<br>: | |
| PORTILLO LANDSCAPING, INC.,<br>OZZIE'S LANDSCAPING AND<br>GENERAL CONTRACTING, LLC, AND<br>OSWIN PORTILLO<br>    Defendants. | :<br>:<br>:<br>:<br>: | APRIL 17, 2013 |

**RULING RE: MOTION TO SET ASIDE DEFAULT AND FOR
PERMISSION TO FILE AN ANSWER TO COMPLAINT (DOC. NO. 27)**

On October 26, 2012, this court granted the plaintiffs' Motion for Default Judgment as to all defendants. See Order granting Motion for Default Judgment (Doc. No. 14). On November 27, 2012, this court entered the default judgment in favor of the plaintiffs against all defendants. See Default Judgment (Doc. No. 15). On March 11, 2013, this court held an in-court proceeding, where it ordered defendant Oswin Portillo ("Portillo") to turn over to plaintiffs' counsel, by April 1, certain personal and business documents requested by plaintiffs' counsel. See Doc. No. 24.

On March 23, 2013, the defendants filed a Motion to Set Aside Defaults And For Permission to File an Answer to the Complaint (Doc. No. 27) (the "Motion"). In the Motion, the defendants argue that this court should set aside the Default Judgment based on the allegation that Portillo "did not appreciate the significance of the English-language documents he received." Defs.' Mot. ¶ 2.

On April 1, 2013, the plaintiffs filed an Opposition to the Motion (Doc. No. 28) (the "Opposition"). In the Opposition, the plaintiffs argue that the Motion is irrelevant to the

1

judgment against defendants Portillo Landscaping, Inc. and Ozzie's Landscaping and General Contracting, LLC (collectively, the "Corporate Defendants") because Portillo is not listed "as a principal or owner of either company." Pls.' Opp. at 2. The plaintiffs also argue that the defendants have failed to fulfill their burden of showing a meritorious defense that would constitute good cause for setting aside the Default Judgment. Opposition at 5 (citing Kulwa v. Obiakor OB/GYN P.C., No. 12-CV-1868, 2012 WL 504383, *4 (Feb. 8, 2013)).

This court agrees with the plaintiffs. First, the Motion sets forth no bases for setting aside the Default Judgment as to the Corporate Defendants, especially considering that Portillo is not an officer or director of either company. See Pls.' Opp. at 2.

Second, Portillo has not provided a meritorious defense that would constitute good cause for setting aside the Default Judgment. The defendants allege that they "have defenses to this action, as set forth in the proposed Answer." Defs.' Mot. ¶ 4. Although the plaintiffs do not specify what defense they are referring to, the Proposed Answer does state that the defendants offered to pay the plaintiffs overtime pay "on the books," but that the plaintiffs "objected to working 'on the books' and insisted on being paid straight-time in cash and 'off the books' instead." Proposed Answer (Doc. No. 27-1) ¶ 20. However, Connecticut state law provides that, "If any employee is paid by his employer less than the minimum fair wage, . . . he may recover, in a civil action, . . . and any agreement between him and his employer to work for less than such minimum fair wage or overtime wage shall be no defense to such action." Conn. Gen. Stat. § 31-68(a) (emphasis added). Accordingly, Portillo has failed to establish good cause to

2

reopen the Default Judgment.  See Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317, 320 (2d Cir. 1986) ("Good cause to reopen was not established because [defendant] had failed to demonstrate that it possessed a meritorious defense.").

For the foregoing reasons, the defendants' Motion to Set Aside Defaults And For Permission to File an Answer to the Complaint (Doc. No. 27) is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut this 17th day of April, 2013.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge